# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 10, 2012

Lyle W. Cayce
Clerk

No. 11-41191
Summary Calendar

ADRIAN A. MILES,

Plaintiff-Appellant

v.

JACK STAUDE, Officer at Eastham Unit; CLINT BURROW, Officer CO III; T. BOLTON, Sergeant; C. FISHER, Major; W. KING, Captain,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:10-CV-61

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Adrian A. Miles, Texas prisoner # 292396, has applied for leave to appeal in forma pauperis (IFP) from the magistrate judge's judgment dismissing his civil rights complaint. Miles contended below that corrections officer Jack Staude used excessive force in attempting to dissuade him from using his hand to hold open the food slot of his cell door. Miles complained also that the defendants retaliated against him for filing a grievance related to the incident.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The parties consented to entry of judgment by the magistrate judge. The defendants' motion for partial summary judgment with respect to the retaliation claim was granted, and the excessive-force claim was dismissed following a bench trial.

By moving to proceed IFP, Miles challenges the magistrate judge's certification that the appeal was not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court must determine "whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Miles complains that the magistrate judge failed to state her reasons for concluding that the appeal was not taken in good faith. This contention is without merit. The magistrate judge stated that leave to appeal IFP was denied for reasons stated in her memorandum opinion and order of dismissal and referred, in turn, to her prior order granting the defendants' motion for summary judgment as to the retaliation claim.

Miles makes no argument with respect to the merits of his retaliation claim, he merely refers to his statement of claim and he asks the court to review the memorandum opinion and order of dismissal. No nonfrivolous issue has been identified with respect to the magistrate judge's orders rejecting that claim on the merits. *See id.* Although the complaint arguably asserts a claim of denial of medical care, the magistrate judge did not analyze that claim, and Miles has not shown that there is non-frivolous issue with respect to her failure to do so. *See id.*

As to his excessive-force claim, Miles cites *Wilkins v. Gaddy*, 130 S. Ct. 1175 (2010), for the proposition that the magistrate judge erred in requiring him to prove that he sustained a serious injury. This contention is without merit. The magistrate judge stated unambiguously that she was considering the absence of injury as a factor to be considered. *See Wilkins*, 130 S. Ct. at 1178.

Unlike *Wilkins*, it was not the sole determinant of the magistrate judge's decision.  *See id.* at 1179-80.  No nonfrivolous issue has been shown.  *See Howard*, 707 F.2d at 220.

Miles notes that he filed three motions in the district court seeking appointment of counsel.  Although the third motion was granted, he complains, the magistrate judge did so with "special instruction[s]."  Miles states, without elaboration, that he "would like to present this issue on appeal."  The magistrate judge appointed counsel to represent Miles during pre-trial proceedings and at trial.  Counsel's representation was not limited in any material way, and the record does not reflect why Miles elected to proceed pro se at trial.  No nonfrivolous issue has been identified.   *See id.*

Miles complains, in conclusional fashion, that he was not allowed to conduct discovery and he was not permitted to amend his complaint.  Miles did not ask the magistrate judge for leave to amend his complaint.  The defendants disclosed the records related to the retaliation and excessive-force claims.  No nonfrivolous issue has been shown. *See id.*

The motion for leave to proceed IFP is DENIED.  *See Baugh*, 117 F.3d at 202.  Because the appeal is frivolous, it is DISMISSED.  *See id.* at 202 n.24; *see also* 5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. §1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  We CAUTION Miles that if he accumulates three strikes under § 1915(g) he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).